PAGES #
1-29 PAGES

Mr. Jimmie Stephen
C-56483
P.O. Box 8101
San Luis Obispo, CA 93409

Court of United States Dis.
State of California-Northern)

CASE # C 08-744 JW

07 - 6379 JW

Jimmie Stephen
Plaintiff

v

Dr. "Hoxie"
et al Defendants

1.. Request for "Order" to "Stay"
"Transfer of Venue" in
"Northern" District of
U.S. District court..
under 28 USC."1404-A"

2.. "Imminant Danger" "Serious"
Physical Injury. 28 USC.1915.

Plaintiff Jimmie Stephen) Hereby Request
by "Order" for "Stay" of "Transfer" of "Venue" in Another
District from Stated court whereas "originally filed"
in U.S.D.C. "Northern" State of California..

In the "Interest of Justice".under "1404-A"
for "Convenience of "Parties" and "Witnesses"..

"Dahlberg v Harris" 916.f2d. 443 ( 8th 1990)/court
"Biggs v Terhune" 334. f3d. 910 (9th 2004) Defenders
"In Re AP Industries" 117. B.R. 789 (SNDY 1990)..
page #16-29.. "Orders" applicable even and "Usure"
EXHIBITS page # 4-29 ..

"Court"                    Pages # 3B-C a D..

"Factors to be Considered"
in Determining whether
"Interest of Justice" favor
"Transfer of Venue"..

Pages # 4-29..

A..    Plaintiff States based upon entire "Yard Closure"
at PT Donovan from Level 3 to "Sensitive Need" Yard
of 12-1-06 Plaintiff "Witnesses" were mostly "Transferred"
to "Northern" California and "Eastern" District..

B..    "Cost of Attendance" of "Willing, unwilling witnesses     Pages # 3B-C a D..
at trial and "Service of Process" Providing for
more convenient forum to place plaintiff on same
footage as defendants.. to prevent waste of time
energy, money, and Protection against unecessary
inconvenience and expense.    Page # 16 a 29..
As well as "Distance between Defendants "Retaliation"..

C..    "Center" access to "Source of Proof" Protection for
litigants, witnesses and the Public. willful Prejudice to Plaintiff
as I (S) AL- Southern court are "Abusive"..

D..    "Accessibility" of Premises Included in litigation
Including Retaliatory micbetterduse in Pursueing Complaint..
as shown in Exhibits # 4-29.. willful misarrange of Justice.

E..    "Relative Congestion" of "Court Docket" and

"Bounds J Smith" 430. US. 817 (1977). Access to court.
"Ashley J Ailworth." 147. f3d. 715 (8th 1998)
"Imminent Danger Exception." Pages # 4-29..
"Physical Serious Injury. 2

"Pattern/ Misconduct"
"Southern District Courts
"Abuse" in this Case..
by "willful Abuse".

Prospects of Trial..      Pages # 4-29.

"Van Dusen" v Barrack" 376. US. 612 (1964)..
Transfer of case proper where wrong "Venue"..
Under Judges "Discretion"..

As "28 USC. 1406" Permits "Transfer of Cases"
Having "Proper Venue" but Lacking Personal Juris-
diction over Defendants..

It is "Abuse of Discretion" under "1406" to Dismiss
Case instead of "Transfer to Proper Venue"..
"Negative Influence" by Defendants on southern
District Courts mandate "Transfer of Venue"..
Where "Venue" was laid in "Wrong Court" Transfer
to Proper District in "Interest of Justice" under 28
USC. 1406-A was within "Discretion of District"..

"Mosley v Nationwide" 485. f. 2d. 418 (1973)..
       Pages # 4-29..

"Relief Requested"

1.. "Stay" of "Complaint" "Transfer" in "Interest of
Justice" under 1404..

2.. "Request Granting" "Right to Proceed" forthwith in
U.S. D.C. Northern)..

3.. Any other Relief by this Court..

     True against fraud or Perjury

Date 2-13-08      Signature

3

"failure to Protect"

EXHibit # 1

Courts of "United States District Southern"-San Diego (California) Has A "Pattern" of "Misconduct" Abuse And "Unecessary Convenience" to Plaintiff Stephen "Ongoing".

the "9th Circuit" court of Appeal "Vacated and Remanded" Complaint for "Deliberate Indifference for Serious Medical" Need at 1-1L-95.

On 4-28-95 Plaintiff was willfully "Retaliation, and Assaulted" by Guards and set up to be "Murdered" on 6-12-95 and 6-13-95. for "Access to Courts and the "Vacate and Remand". "Ongoing Inconvenience"

"SEE Papers" # 9, 10, 11, 12 a 13.

Upon "Stay of Transfer" is Requested based "Interest of Justice" as well as "ongoing" "Miscarriage of Justice".

3A

FILED

NOT FOR PUBLICATION

JAN 1 1 1995

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIMMIE EARL STEPHEN,                    )    No. 94-56041
                                        )
            Plaintiff-Appellant,        )    D.C. No. CV-94-932-JNK
                                        )
      v.                                )
                                        )
K. W. PRUNTY, Chief Deputy Warden,      )    MEMORANDUM*
et al.,                                 )
            Defendants-Appellees.       )
                                        )
                                        )

Appeal from the United States District Court
for the Southern District of California
Judith N. Keep, Chief Judge, Presiding

Submitted December 19, 1994**

Before:  SNEED, D.W. NELSON, and TROTT, Circuit Judges.

Jimmie Stephen, a California state prisoner, appeals pro se
the district court's order dismissing on res judicata grounds his
42 U.S.C. § 1983 action alleging medical indifference to serious
medical needs.  We have jurisdiction under 28 U.S.C. § 1291, and
we vacate and remand.

In his complaint, Stephen alleged that prison officials and
medical staff deprived him of "any and all medical necessities of
life by their wrongdoings as to their actions from 3-3-94 and
ongoing."  The district court dismissed the complaint on res

---

\*    This disposition is not appropriate for publication and may
not be cited to or by the courts of this circuit except as
provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously finds this case suitable for decision
without oral argument.  Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

3B

judicata grounds, finding that the complaint raised issues that had been litigated and decided in a prior action.

We review de novo the district court's dismissal on res judicata grounds. See <u>Palomar Mobilehome Park Ass'n v. City of San Marcos</u>, 989 F.2d 362, 363 (9th Cir. 1993).

Under the doctrine of res judicata, a <u>final judgment on the merits prevents a plaintiff from relitigating claims that were or could have been litigated in the prior actions</u>. See <u>Nevada v. United States</u>, 463 U.S. 110, 129-30 (1983); <u>Western Systems Inc. v. Ulloa</u>, 958 F.2d 864, 871 (9th Cir. 1992), <u>cert. denied</u>, 113 S. Ct. 970 (1993). The plaintiff also is barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim. See <u>Duncan v. United States (In re Duncan)</u>, 713 F.2d 538, 541 (9th Cir. 1983).

Here, we disagree with the district court that Stephen's complaint raised issues that had been litigated in his previous section 1983 action. Stephen's prior action alleged that prison officials at Calipatria state prison had been <u>deliberately indifferent to his serious medical needs between 1992 and 1993</u> because they failed to prescribe him specific medications or otherwise failed to properly diagnose and treat his sinus problem. In the present action, Stephen alleges that prison officials at Calipatria state prison have denied him "any and all" medical care since March 1994 in retaliation for Stephen's previous lawsuits against prison officials. Because Stephen's claims in this action involve injuries and wrongs that allegedly occurred subsequent to

- 2 -

3C

the injuries involved in his prior action, the district court
erred by dismissing Stephen's action on res judicata grounds.  <u>See</u>
<u>id.</u> 1/

      VACATED and REMANDED.



---

1/    We deny Stephen's motion to consolidate this case with Appeal
Nos. 94-55626 and 94-55655.

3 Ð

EXHIBIT #II..

"Courts" INTEREST of Justice"
CanPlaints ETC..
AND "Willful INFULENCE"
ON U.S.D.C. Southern Courts..

Page #4 a 5 - Copy of Confiscature APPLIANCES AND Director
"ORDER" Not to Confiscate..

Page #6 - Murder of John Young of 12-28-04..

Page #7.8 - Assault on Plaintiff of 4-28-95..

(Accused) Page #9 - Attempted threat on Plaintiff Life of 6-12-95..Willful..

(Dismissed) Page #10 - Willful "Attempt" on Plaintiff life of 6-13-95 by Guards
Informant..

(Dismissed) Page #11 - Alleged Stalking on Miss Belton of 8-4-05..

(Dismissed) Page #12 - Willful Assault on Plaintiff life of 9-28-06..

(Dismissed) Page #13 - Willful False Charges of threatning Officer of 11-27-05

Page #14 - TB test before Arrival at Donavan 9-16-03..

Page #15 - TB test of 5-1-05..Infection on Plaintiff..

Page #16 - Prisoners at Donavan Tested Positive for TB..7-10-05

Page #17.18 - Request for Senate Investigation of 10-12-06
as to Ventilation system at Donavan. Infection
Alleged Source and other Defects..

Page #19 - Willfully Denied of Library against Rules of 12-2-04
to 5-1-05..

Page #20 - Witnesses whom Are willing to come and
testify at trial as to constitutional violations..

"Acts showing a "Pattern of misconduct" only occur in
Southern District Courts..when I spent 3 E
4 years in Pelican Bay from 1996 to 2000..

DATE:                    October 17, 2003

NAME:                    Stephen, J

CDC #:                   C-56483

APPEAL LOG #             03-1222

APPEAL DECISION:    **DENIED**              **SECOND LEVEL REVIEW**


**APPEAL ISSUE:**      You are appealing the issue of not being permitted to keep your electronic appliances when you transferred to the Richard J. Donovan Correctional Facility, (RJDCF) because the only electronics accepted at the RJDCF have to have a clear secure plastic casing. Additionally, you want your appliances back or the money to replaced them.

**APPEAL RESPONSE:**      Mr. Stephen, I have received and reviewed your Inmate/Parolee Appeal Form, CDC-602, Log #03-1222. In my investigation of this issue I have found that you arrive with electronic appliances that were not in compliance with Operational Plan #2 at the RJDCF. I spoke with Central Receiving and Release Correctional Sergeant E. Vizcarra concerning this appeal. Sergeant Vizcarra states that on October 17, 2003, at approximately 0807 hours, you were interviewed by him and were offered the options of mailing home the TV, radio and CD player, donating the TV, radio and CD player to the State, or having them destroyed. This addendum to Operational Procedure Plan #2, Inmate Property, APPLIANCES, went into effect December 13, 2000, approved by the Warden of this institutions. The California Code of Regulations, Title 15, Article 9, Personal Property, Section 3190, General Policy, (a) states, "Warden and superintendents shall establish a list of personal property items and the maximum amount of such items an inmate may have in his or her possession within the institution."

All California institutions were notified of this change before this addendum went into effect. Regardless of what institution you were at you would have to mail the electronic appliances home if you were not in compliance. Additionally, the RJDCF policy has previously been upheld in a court of law. The Office of W. A. Duncan, Deputy Director Institutions Division, has been notified and the institution is awaiting a response from Mr. Duncan's office for clarification on the issue.

Therefore, based on the aforementioned, this Inmate Appeal is **DENIED** at the Second Level of Review.

D. M. BARNES
Chief Deputy Warden (A)

State of California                                                    Department of Correction

## Memorandum



Date  :  September 19, 2002

To    :  Wardens

Subject :  CLEAR-CASE TECHNOLOGIES

In July of 1998, the Director of the Department of Corrections authorized wardens to restrict new purchases of inmate televisions, radios, and compact disks/cassette players to clear-case technology only. The Director did not set exact timeframes when the removal of the old solid-color electronic devices would be implemented. It is expected that more definition of the aforementioned timeframes and phased removal of existing solid-color electrical devices will be included in the forthcoming Property Regulations. Therefore, inmates will be allowed to retain the old style solid-color electrical devices pending adoption of those regulations. No effort shall be made at this time to require inmates to send the solid-color electrical devices home or require they dispose of them in some way if they transfer from one institution to another. In the interim, wardens may continue the practice of requiring that all new purchases of electronic devices be of the clear-case technology.

Should you have any questions regarding this issue please contact Ron Cappel, Administrative Assistant, Institutions Division, at (916) 322-6038.

W. A. DUNCAN
Deputy Director
Institutions Division

cc:    Roderick Q. Hickman, Assistant Deputy Director, Operations and Programs
       George M. Galaza, Assistant Deputy Director, Community and Inmate Programs
       Ana Ramirez-Palmer, Regional Administrator-North
       Suzan L. Hubbard, Regional Administrator-South (A)
       E. Roe, Regional Administrator-Central

5

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

March 28, 2005

Jimmie Stephen, C-56483
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA  92179

Dear Mr. Stephen:

The Office of the Inspector General has received your correspondence postmarked February 8, 2005. In your letter, you allege inmate John Young, T-71261, was murdered by correctional staff. Additionally, you allege your property was confiscated, and you site problems with your trust account.

A limited inquiry was conducted into the homicide of inmate Young, and it was determined that an investigation is currently being conducted by another agency; therefore, it would be inappropriate for our office to intervene at this time.

As for your property and trust account issues, we determined that these issues could be more effectively addressed through a general approach rather than individually. Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint. Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist. We believe that in this way we can provide the greatest benefit to you and others who have been affected. We have therefore included your concerns in our computer database for further review and analysis. If we conduct an audit or investigation of the issues you raise, you may be contacted later.

Meanwhile, we encourage you to continue to try to use available administrative remedies, such as the CDC-602 inmate/parolee appeal process. If you have questions about the process or the status of your appeal, please contact your correctional counselor for advice and assistance.

Thank you for bringing your concerns to our attention.

Sincerely,

REGIS LANE
Deputy Inspector General

6

RL:vh:05-0011704-01

32.
*Arnold Schwarzenegger, Governor*

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DA... | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP-CAL | D3-123L | 04-95-D08 |

| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|---|
| CCR§3005(c) FORCE & VIOLENCE | | ASSAULT ON STAFF | | D-YARD | 04/28/95 | 0650 HOU |

**CIRCUMSTANCES** On Friday, April 28, 1995, at approximately 0650 hours, while performing my duties as "D" Facility Yard Officer #1, I was performing random clothed body searches on inmates exiting dining hall #2. I ordered Inmate STEPHEN, J., C-56483, D3-123L, to submit to a clothed body search. STEPHEN refused stating "You aint touching me mother fucker", and began walking away. I again ordered STEPHEN to allow me to perform the search, STEPHEN stated "Fuck you, you aint touching me. Call the sergeant over." I called Correctional Sergeant (A) G. Ellis over and advised him of the situation. Sergeant Ellis ordered STEPHEN to submit to the search. STEPHEN assumed the position with legs spread, arms out, facing away from me. As I placed my hands on STEPHENS back, he spun around, cocked his right fist and simultaneously stepped towards me. To avoid being hit, I grabbed STEPHEN with both arms around his middle torso and yelled for him to get down. STEPHEN twisted vigorously to the right and struck me twice (2) in the right eye area with his right fist. Responding staff immediately subdued STEPHEN and placed him in handcuffs. STEPHEN was escorted to the Program Office holding cell to await processing for Administrative Segregation. Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ M. CROFOOT, CORRECTIONAL OFFICER | | 5-1-95 | D-YARD C/O #1 | TUE/WED |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☒ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ G. ELLIS, PROGRAM SERGEANT | | 5-1-95 | DATE 04/28/95 | LOC A5-144U |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | D-121-150 | 5/1/95 | ▶ LT. C. Butler | | ☐ HO ☒ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
|---|---|---|---|---|---|
| | ▶ R. Oat | 5-1-95 | 2040 | | |
| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE TIME |
| CAL-FDY-95-04-0176 | ▶ R. Oat | 5-15-95 | 1820 | ▶ | |

**HEARING** On May 29, 1995, at approximately 1000 hours, Inmate STEPHEN appeared before me in regard to a CDC-115, dated 04/28/95. This CDC-115 was issued to Inmate STEPHEN on 05/01/95. Inmate STEPHEN stated he was in good health and acknowledged receipt of all reports and was ready to proceed with the hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. STEPHEN elected to proceed with the hearing and not postpone pending outcome of referral for prosecution as indicated by his signature on the CDC-115A. STEPHEN was assigned Correctional Officer D. LARSON as investigative employee, per CCR 3315(d). Witness(es) were requested, and granted.

**INMATE PLEA:** The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN stated: "It is all lies. It was not a random search, it's all lies."

**WITNESS STATEMENT:** Reporting Employee Correctional Officer M. Crofoot stated: "We were searching inmates and I called out to STEPHENS and he said, 'Fuck you". I called the Sergeant. I then started to search. I put my hands on his back. He spun around and I and I tried to take him down and he hit me twice in the right side of my face".

**FINDINGS:** Inmate STEPHEN was found GUILTY of violating CCR# 3005(c), specifically for ASSAULT ON STAFF. This finding was based upon the preponderance of evidence submitted at the hearing, which substantiates the charge. This evidence includes: Officer M. CROFOOT's written report. In

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | **(Continued on next page)** | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
| G. J. JANDA, CORRECTIONAL LIEUTENANT | | ▶ | | 5/29/95 | 1000 HRS |
| REVIEWED BY (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ R. Blanard PA(A) | | 5-30-95 | ▶ | 5/30/9 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | | ▶ | | 5/1/95 | 1315 |

CDC 115 (7/88)

7

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STPEHEN | | | CSP/CAL | FA5-144U | D4-95-D-08 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| §3005(c) FORCE & VIOLENCE | ASSAULT ON STAFF | D-YARD | 04/28/95 | 0650 HOUR |

(HEARING CONTINUED):

addition, the testimony of the Reporting Employee at the time of the hearing, the contents of the Investigative Report, the contents of the CDC-837 Incident Report. Also the contents of the CDC-7219 indicating that the injuries sustained by the Reporting Employee are consistent with the assault that STEPHENS committed upon him.

DISPOSITION: GUILTY. Inmate STEPHEN was assessed (150) days Loss of Credits) consistent with a Division "B" Offense. STEPHENS was Counseled and Reprimanded on future behavioral expectations. Senior Hearing Officer recommends retention in Administrative Segregation pending review by the Institutional Classification Committee, and further recommends assessment of appropriate S.H.U. term. REFER TO I.C.C. FOR CONFIRMATION OF CREDIT LOSS/DISPOSITION.

INMATE STEPHEN WAS ADVISED OF HIS RIGHTS AND PROCEDURES TO APPEAL THIS ACTION, AND ADVISED HE WOULD RECEIVE A COMPLETED COPY UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| G.J. JANDA, CORRECTIONAL LIEUTENANT | ▶ _LT._ | | 5/29/95 | 1000 HR |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ | | ▶ | 5/30/95 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ c/o | DATE 5/3/95 | TIME 1315 |

CDC 115 (7/88)

8

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO. | LOG NO |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP/CAL | FA5-121U | 06-A5-95 |
| VIOLATED RULE NO(S) | | | | LOCATION | DATE | TIME |
| #3005(c) FORCE & VIOLENCE | ASSAULT ON INMATE/SHOTS FIRED | | | AD-SEG YARD 2 | 06/12/95 | 1223 HOURS |

CIRCUMSTANCES    On Monday, June 12, 1995, at approximately 1223 hours while performing my duties as Administrative Segregation S & E #1, I observed in exercise yard #1, Inmate FIERRO, E-7252, A5-116U, run toward Inmate STEPHEN, C-56483, A5-121U, and attempt to strike him to the mid-torso area with his right hand, using an underhand stabbing motion, as STEPHEN moved back. Inmate PADILLA, H-00471, A5-116L, ran toward Inmate SMITH, H-55937, A5-121L, and both inmates began swinging both their fists, striking each other to the upper torso area. I yelled "Weapon get down", and fired one (1) round from my state-issued 37mm gas gun, serial #D04742, with No 264R baton rounds, with negative results. FIERRO ran up behind SMITH and made a stabbing motio to his back, before kneeling down on the ground. SMITH, who was standing over PADILLA as he sa on the ground, repeatedly struck PADILLA with his left fist to the facial area. FIERRO the stood up and began moving towards SMITH, as SMITH walked toward FIERRO, and both squared off i an aggressive stance. Administrative Segregation Lieutenant G. SUMPTER discharged one (1)

**(CONTINUED)**

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| T. DIAZ, CORRECTIONAL OFFICER | JUNE 12, 1995 | AD-SEG S & E #1 | Th/F |
| | | ☐ INMATE SEGREGATED PENDING HEARING | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | | | | LOC. |
|---|---|---|---|---|---|
| W. PRICE, CORRECTIONAL SERGEANT | JUNE 12, 1995 | | | | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | A-1 181-360 | 6/22/95 | LT | | ☐ HO ☒ SHO ☐ SC ☐ |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| | R. Lutt | 6/2/95 | 1800 | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| Cal-FA5-95-06-0247 | M. Fisher | 6/5/93 | 1/16 | | | | |

HEARING    Inmate STEPHEN appeared before me in regard to a CDC-115, dated 06/12/95. Inmate STEPHEN stated he was in good heal had received copies of all pertinent reports at least twenty-four hours prior to the hearing, and was ready to proce
Inmate STEPHEN was assigned Officer M. Fisher as the Investigative Employee. No witnesses were requested.
**INMATE PLEA:**  The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN had no comment.
**FINDINGS:**  Inmate STEPHEN was found NOT GUILTY of violating CCR# 3005(c), specifically for ASSAULT ON AN INMATE/S FIRED. This finding was based upon the preponderance of evidence submitted at the hearing, which does not substant the charge. This evidence includes: The disciplinary report clearly states that STEPHEN did not participate in assault. Therefore, the finding of NOT GUILTY.
**DISPOSITION:**  This CDC-115 is being dismissed due to INSUFFICIENT EVIDENCE. Inmate STEPHEN was advised of his rights procedures to appeal this action. He was further informed he would receive a completed copy upon final audit by Chief Disciplinary Officer, who's signature will indicate an affirmation, reversal or modification of this act thereby constituting the First Level of review for appeal purposes.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | SIGNATURE | | DATE | TIM |
|---|---|---|---|---|---|
| ACTION BY (TYPED NAME) | | | | 07/17/95 | 1 |
| K. HOWARD, CORRECTIONAL LIEUTENANT | | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| REVIEWED BY (SIGNATURE) | DATE | S. H. GARCIA, ASSOCIATE WARDEN | ACON | | |
| A. TUTT, PROGRAM ADMINISTRATOR | 7/19/95 | BY: (STAFF'S SIGNATURE) | | DATE | TIM |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | M. Fisher | | 7/26/95 | |

CDC 115 (7-88)

9

804 TO RECORDS: C 1695

STATE OF CALIFORNIA                                                     DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56433 | STEPHEN, J. | | | CSP-CAL | FA5-121U | 05-A5-95-002 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| #3005(c)-FORCE & VIOLENCE | CELL FIGHT | | CELL A5-121 | 06/13/95 | 1455 hours |

CIRCUMSTANCES

On Tuesday, June 13, 1995, at approximately 1455 hours, while performing my duties as Administrative Segregation (Ad/Seg) Floor Officer #1, I heard a loud noise coming from cell A5-121, jointly occupied by Inmate SMITH, H-55937, A5-121L, and Inmate STEPHEN, C-56483, A5-121U. I observed SMITH's right arm around STEPHEN's neck, choking STEPHEN. I responded to cell A5-121 and ordered SMITH to stop fighting. SMITH then rammed STEPHEN's head into the cell door. I again ordered SMITH to stop fighting. SMITH then complied. Both inmates were then removed from their cell without further incident. Both inmates were medically evaluated by Medical Technical Assistant D. SULLINS. SMITH was then returned to cell A5-121. STEPHEN was rehoused to cell A5-225.

Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ D. MENDEZ, CORRECTIONAL OFFICER | | 06/13/95 | AD/SEG FLOOR C/O #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ J. GOEBEL, CORRECTIONAL SGT. | | 06/13/95 | DATE A5-171U | LOC |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D 61-90 | 6/16/95 | | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ RC | 6/17/95 | 0925 | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ▶ | 6/17 | | ▶ | | |

HEARING On June 23, 1995 at approximately 1005 hours, Inmate STEPHEN appeared before me in regards to a CDC-115 he received on 06/23/95. STEPHEN stated that he was in good health, acknowledged receipt of all reports and was ready to proceed with this hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. Correctional Officer B. BENTLEY was assigned as the Investigative Employee. Witnesses were not requested by the inmate. The charges were read to STEPHEN who pled, NOT GUILTY.
STATEMENT OF CHARGED INMATE: Inmate STEPHEN declined to make a statement.
FINDINGS: Inmate STEPHEN was found **NOT GUILTY** of violating CCR #3005(c), for the specific act of, FIGHTING. This finding was based upon the preponderance of the evidence submitted at this hearing, which does not substantiate the charge. This evidence includes: the contents of Correctional Officer D. MENDEZ's written report, which states that he saw SMITH with his arm around STEPHEN's neck. SMITH then rammed STEPHEN's head into the cell door. The Reporting Employee made no reference to STEPHEN fighting.
DISPOSITION: NOT GUILTY. DISMISSED IN THE INTEREST OF JUSTICE based upon the Senior Hearing Officer deemed that STEPHEN was the victim of assault.
INMATE STEPHEN WAS ADVISED OF HIS RIGHTS TO AND THE PROCEDURES FOR THE APPEAL OF THIS ACTION. HE WAS ALSO ADVISED THAT HE WILL RECEIVE A COMPLETED COPY OF THIS CDC-115 UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

| ☐ REFERRED TO CLASSIFICATION ☐ BY CDC | | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) G.D. SUMPTER, CORRECTIONAL LIEUTENANT | | | ▶ | 6/23/95 | 1005 HR |
| REVIEWED BY: (SIGNATURE) ▶ | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME 1250 |

CDC 115 (7/88)

10

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

[ 410 ]

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO. | LOG NO |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (1) | | RJDCF | 13-105U | F3-05-410 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|---|
| CCR 3005(a) CONDUCT | STALKING | 15 M 95 | | UNit #13 | 08/08/05 | 13:30 |

CIRCUMSTANCES

On Tuesday, August 8, 2005, at approximately 1330 hours, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN's, J., C-56483, F3-13-105U, stalking Correctional Officer M. Belton. On August 5, 2005, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to Officer Belton. Inmate STEPHEN's states in the letter that he is in love with Officer Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himslef, and the letter contained instructions for Officer Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer, Correctional Officer R. Billingsley and I conducted a search of Inmate STEPHEN's Cell F3-13-105. During the search, Officer Billingsley discovered a chronological log when Officer Belton worked Housing Unit 13 and her demeanor towards him when she did. As a result, Inmate STEPHEN was rehoused in the Administrative Segregation Unit (ASU). Inmate STEPHEN is aware of this report.

MHSDS: CCCMS

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ A. VASQUEZ, Correctional Officer | 8-15-05 | S & I "A", ISU | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ J. N. CLARKE, Sergeant | 8-16-05 | DATE 08/09/05 | LOC. F2-06-118L |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | E (7) | 8-16-05 | ▶ J.W. DRESBACH, Facility Captain | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 8/16/00 | 1210 | N/A |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| N/A | ▶ | | | | | |

HEARING

Inmate issued copies of copies of all documents; including envelopes, signatures, etc; this date: 9-13-05    Issued by: _____    Time: 1160 hours.

Inmate STEPHEN appeared before this Senior Hearing Officer (SHO) on 9-15-05 at 1940 hours and was in good health. He received all pertinent copies 24 hours prior to this hearing. All charges were read to him and he was prepared to proceed. He is a MHSDS participant at the CCMS level of care. STAFF ASSISTANT: Not assigned per CCR 3315(d)(2)(A)1,2,3
INVESTIGATIVE EMPLOYEE: C/O Diaz was assigned and her report was taken into consideration.
WITNESSES: None requested for this hearing. INMATE PLED: NOT GUILTY, stating, "It ain't mine, the log might be mine because I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up."
FINDINGS: GUILTY of CCR 3005(a) CONDUCT, Specifically: STALKING (Behavior which endangers another person), based on:
1. The RVR, authored by C/O Vasquez, dated 8-8-05, which states in part; that on 8-5-05, the Investigative Services Unit (ISU) received a handwritten letter which was intercepted by Mailroom Supervisor J. McNeil. The letter was in a U-Save-Em envelope addressed to C/O Belton. Inmate STEPHEN states in the letter that he is in love with C/O Belton. ISU Officer Billingsley and I conducted a search of Inmate STEPHENs cell F3-13-105. During the search Officer Billingsley found a chronological log when C/O Belton worked H/U #13 and her demeanor towards him when she did

HEARING CONTINUED ON pART-C    page 1 of 2

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | |
|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| R.J SHELAR, Lieutenant | ▶ | 9-15-05 | 1940 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ▶ J. W. DRESBACH, Facility Captain | 9-20-05 | ▶ B. OLIVERO, Associate Warden | 9-26-05 | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | | |

CDC 115 (7/88)

11

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

REFER TO INCIDENT REPORT #RJD-CEN-06-09-0592

(574)

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (1) | LIFE | RJDCF | F3-15-136U | F3-06-57 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | BATTERY ON A NON-PEACE | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3005(c) | FORCE & VIOLENCE | OFFICER ROUTING USE OF FORCE | CENTRAL LIBRARY | 09/29/06 | 1840 HRS |

CIRCUMSTANCES

On Friday, September 29, 2006, at approximately 1840 hours, while performing my duties as a Librarian in the Central Library, Inmate STEPHEN, J., C-56483, F3-15-136U, requested approval for copies to be made of several documents. I examined the documents and discovered an altered/falsified diploma among other documents. I told STEPHEN that I would not approve copies to be made of the fraudulently altered diploma. While handing it back to him, I said, "I can write you up for this." He shouted back, "Go ahead and write me up then!" I instructed him to hand the document back to me, but he instead began to stuff it into his legal folder. I reached out to pull the paper from his hand, but he hit my hand, and forcefully pushed my right hand away to prevent me from doing so. I pressed my alarm, and Officer I. Bravo arrived and ordered STEPHEN to get up out of the chair and turn around to allow handcuffs to be placed on him, with negative results. Instead of complying with orders, STEPHEN suddenly reached into a box that was at his feet. Officer Bravo wrapped both arms around the inmate's upper torso and used his body weight and strength to forcefully place him on the floor with the assistance of Officer C. Palencia who had also responded to the Library and observed Officer Bravo struggling with Inmate STEPHEN. Inmate STEPHEN further resisted by holding his arms tightly under his body, twisting ..

MRSDS CCCMS                    (CIRCUMSTANCES CONTINUE)                    PAGE 1 OF 2

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ E. SIMON, Librarian | 10-12-06 | Central Library | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ | 10-12-6 | DATE 9-29-6 | | LOC. |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | B | 10/13/06 | ▶ C. PEDERSON Facility 3 Captain (A) | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ H. Park | 10/13/06 | 1030 | | DATE | TIME |

| ☐ INCIDENT REPORT LOG NUMBER | BY (STAFF'S SIGNATURE) | DATE | TIME | BY (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| 0592 | ▶ | | | ▶ | | |

HEARING

Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer on 1-14-07 at 1800 hours for hearing of RVR log# F3-06-574.    MEDS: COCMS, and no CDC-115X was processed.    The hearing was held in Administrative Segregation.
SA was not assigned per CCR 3315(d)(2)(A)1,2,3; the inmate is not illiterate, is english speaking, issues are not complex. GPL of I/M is above 4.0 and he does not require a confidential relationship in preparing his defense.
DA REFERRAL:  Hearing not postponed pending da referral, as noted by the inmates signature on the 115A.
The inmate stated he was in good health and did not object to proceeding with this hearing.
He was advised of the charges and the purposes of this hearing, and acknowledged receipt of the 115, 115A, 115C, 24 hours prior to this hearing.    The inmate received his first copy of the RVR within 15 days of discovery and the hearing was not held within 30 days of the issuance of the RVR, therefore all time constraints were not met.
IE waived by the inmate as noted by the inmate's signature on the 115A.
WITNESSES: Were requested, but subsequently waived by the inmate, as noted by the inmate's signature on the 115A.
I/M PLED: NOT GUILTY, stating, "I did not do anything."

HEARING CONTINUES ON PART-C page 1 of 2

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | DATE | TIME |
|---|---|---|---|---|
| ACTION BY (TYPED NAME) E. Garza, Lieutenant | SIGNATURE ▶ | | 1/4/07 | 18 |

| REVIEWED BY (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
|---|---|---|---|---|
| ▶ E. Marrero, Facility Captain | 1-16-07 | ▶ E. Contreras, Associate Warden | 1/16/07 | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY (STAFF'S SIGNATURE) ▶ | | DATE | TIME |
|---|---|---|---|---|

CDC 115 (7/88)

804  TO RECORDS BY: _____  DATE: _____

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | RJDCF | F3-14-129U | F3-05- |

| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|---|
| CCR 3005(c) FORCE & VIOLENCE | | THREATENING STAFF | | F3 H/U#14 | 11-27-05 | 1945 hrs. |

CIRCUMSTANCES

On Sunday, November 27, 2005, at approximately 1945 hours, while performing my duties as H/U #14 Floor Officer, during the 1945 hour unlock, I notified I/M STEPHEN, J.,C-56483,F3-14-129U that his status was A2-B. I/M STEPHEN then became agitated and began stating to me,"That was stupid." I then clarified with him what my expectations were for inmates who were A2-B status and he stated, "You have been fucking with me from the beginning." I then said to him that how was I messing with you, If I verified through the Program Office his status. At this point I/M STEPHEN had a ball-point pen in his right hand and held it in such a way that made me believe he may use it as a weapon. I took a step back, unsecured my MK-p Oc Spray Strap and told I/M STEPHEN to settle down and he said, "Fuck you, you'll get yours." I repeated my instructions for him to settle down and he backed up and went in his cell. After 1945 hours unlock was complete I began checking my unit cell by cell to verify all A2-B's, C1-A's and C/C inmates were in their cells. While passing Cell #129 where I/M STEPHEN lives, he again made threats as before with a ball-point pen held in his hand in an aggressive manner. I notified Program Sgt F. Delatorre who arrived and placed I/M STEPHEN in handcuffs,and then was escorted to the Fac.3 Program Office by Yard Staff. Inmate STEPHEN is aware of this report and was Medically evaluated by Fac.3 Medical Staff.

| MEOS: | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| REPORTING EMPLOYEE (Typed Name and Signature)<br>▶ M. Espinoza, Correctional Officer | | 11-28-05 | H/U #14 Floor Officer | |

| REVIEWING SUPERVISOR'S SIGNATURE<br>▶ F. Delatorre, Sergeant | | DATE<br>11/28/05 | ☐ INMATE SEGREGATED PENDING HEARING | LOC. |
|---|---|---|---|---|

| CLASSIFIED<br>☐ ADMINISTRATIVE<br>☐ SERIOUS | OFFENSE DIVISION:<br>D | DATE<br>11-27-05 | CLASSIFIED BY (Typed Name and Signature)<br>▶ A. Bracamonte, Facility Captain | | HEARING REFERRED TO<br>☐ HO   ☐ SHO   ☐ SC   ☐ FC |
|---|---|---|---|---|---|

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE)<br>▶ | DATE | TIME | TITLE OF SUPPLEMENT<br>7219 Medical Report | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT<br>LOG NUMBER: | BY: (STAFF'S SIGNATURE)<br>▶ | DATE | TIME | BY: (STAFF'S SIGNATURE)<br>▶ | DATE | TIME |

HEARING

Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer (SH) on 12-20-05 at 1035 hours, for hearing of RVR Log #F3-05-668. The hearing was held in Administrative Segregation. MEOS: CCMS, but the inmate's mental health status was not a factor in the charges or the disciplinary process. SA was not assigned per CCR 3315(d)(2)(A)1,2,3; The inmate is not illiterate, is English speaking, the issues are not complex, GPL Score is above 4.0, and he does not require a confidential relationship in preparing his defense. The inmate acknowledged he was in good health and did not object to proceeding with this hearing. He was advised of the charges and the purposes of the hearing, and acknowledged receipt of the 115, 115A, 7219 Medical Report, 24 hours prior to this hearing. (I/M STEPHEN also acknowledged IE). The inmate received his first copy of the RVR within 15 days of discovery and the hearing was held within 30 days of the issuance of the RVR, therefore, all time constraints were met. IE WAS ASSIGNED. The issues were not complex, however the inmate's housing status did preclude his evidence gathering, and additional information was necessary for a fair hearing. C/O R. Ramirez was assigned on 11-30-05 and the report was taken into consideration by the SHO. WITNESSES: Requested, but subsequently waived by the inmate, as verified by the inmate's signature on the 115A. INMATE PLED: NOT GUILTY, stating, "I did not threaten him. I did not disrespect him."

HEARING CONTINUED ON PART C, page 1 of 2

| REFERRED TO   ☐ CLASSIFICATION   ☐ BPT/NAEA | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME)<br>C.P Franco, Lieutenant | | ▶ | | |
| REVIEWED BY: (SIGNATURE)<br>▶ A. Bracamonte, Facility Captain | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE<br>▶ P.A Cowan, Associate Warden | DATE | TIME |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE)<br>▶ | DATE | TIME |

CDC 115 (7/88)                                                                                    12.

.E and NUMBER

STEPHEN , JIMMIE

CDC NUMBER.    C56463

CDC 128-C CDC-128-C

R.J. Donovan Correctional Facility
F31300000000105U

## ANNUAL TB CHRONO
### TB SKIN TESTING

**DISTRIBUTION**

CENTRAL FILE: ☐
MEDICAL FILE: ☒
INMATE: ☒

INMATE TB ALERT CODE    21

L.N. LYLE, D.O., M.S., DIRECTOR, PUBLIC HEALTH @ RJDCF

05-04-2005

MEDICAL—PSYCHIATRIC—DENTAL

E

14

E and NUMBER

CDC-128-C

OSP483

F . Donovan Correctional Facility
PS·50000000105U

STEPHEN  JIMMIE

## TB  CHRONO

## TB SKIN  TESTING/ EVALUATION

DISTRIBUTION

INMATE TB ALERT CODE    33

CENTRAL FILE: ☐
MEDICAL RECORD: ☐
INMATE: ☒

L.N. LYLE, D.O., M.S.,  DIRECTOR, PUBLIC HEALTH @ RJDCF
MEDICAL—PSYCHIATRIC—DENTAL

05-17-2005

15

## "AFFADAVIT"

I AM A PRISONER AT R.J. DONOVAN CORRECTIONAL FACILITY LOCATED AT 480 ALTA ROAD..SAN DIEGO CALIFORNIA..92179..I UNKNOWINGLY CONTACTED THE "TUBERCULOSIS GERM" WHILE DOING TIME HERE AT R.J.D..THESE TESTS ARE "MANDATORY" REQUIRED AND DONE "YEARLY"..AS A "MUST"..I HAVE NOT "REFUSED" NOR HAVE I "MISSED" A TEST..TO DETERMINE "POSITIVE OR NEGATIVE"..

ON LAST TEST DONE SEVERAL MONTHS AGO "2005"..I TESTED "POSITIVE"..AS AM CONTRIBUTING THE "OVERCROWDING""DENIAL OF ADEQUATE DOCTORS""PROPER SCREENING PROCESS" TO CURTAIL "NEWLY" INFECTED PRISONERS WHOM CARRY THE "CONTAGIOUS T.B."THAT IS SPEAD "AIR BORN"..AS THIS IS "INJURY" WITH "SIDE-EFFECTS"..

TRUE AGAINST FRAUD OR PERJURY

DATE 7-10-05

(NAME)          (SIGNATURE)          (NUMBER)          (HOUSING)

| | | | |
|---|---|---|---|
| Bynem Putry | J76352 Bynen Putry | 13-149 | |
| Jimmie Stephen | Jimmie Stephen | C56483 | 13-105 |
| Alfred Yancy | Alfred Yancy | V-61195 | 12-230 u.p |
| Washington, Donald | V55965 | 14-142 Low | |
| Dale E. Failes | D-52585 | F-3-13-105-L | |

16

# REQUEST FOR SENATE INVESTIGATION

(SHORT TITLE)
Nicholas Noussias -vs- Robert Hernandez, Warden, Richard J. Donovan Corr. Fac

(Complainant by full name, address, and telephone )

Nicholas Noussias CDCR#D-46818
P.O.Box 799003
San Deigo, Ca 92179-9003

(Complaint directed to a Member of the California State Senate)

Senator (full name and address): Gloria Romero
Joint Committee on Prison Construction and Operations
Attn: Chaitperson
State Capitol, Room 400, Sacramento, California 95814-

Place where the complained of issues originate:

City: San Diego    County: San Diego    State: California

Describe the nature of your complaint briefly. You must state facts, not conclusions. Failure to allege sufficient facts will result in the denial of review. A rule of thumb to follow is: who did exactly what, when, and where. (If available, attach declarations, relevant records, court transcripts, or other documents which may support your claims.) Type in single line-space in the area provided below. Use additional pages if necessary.

I am currently incarcerated at the State prison known as the Richard J. Donovan Correctional Facility located in San Diego. I am housed on Facility Three, Building Fifteen. My housing unit consists of one-hundred one-man cells currently housing two men per cell. I am alleging the ventilation system currently in place in my housing unit as well as all other cell housing units in RJDCF are in inadequate for the human needs for which the system was designed. Since my incarceration at R.J.D.C.F., I have been experiencing respiratory difficulty, nose bleeds, etc., which I have not experienced prior to my incarceration at RJDCF. I sent requests to the prison's chief engineer for repair or replacement of the system with no positive results. I can submit physical proof that the ventilation system allows foreign matter into the cells breathed by myself and other prisoners. Utilizing a food server hair net, I have been able to catch the foreign material which partially consists of dead insects, what looks to be black ash, and other unidentifiable foreign material.

/7

Explain in what regards this matter should be brought before the State Senate?

I believe that in order to correct the inadequate ventilation system, the whole system will have to be rebuilt, possibly with a hepa-filtration type system to insure that the health of the prisoners of RJDCF are protected. Such action will require the appropriation of funds which I believe would be the province of a senate sub-committee on corrections. Moreover, before such funds can be appropriated, an investigation will have to be conducted to determine the veracity of my allegations.

Have you brought this complaint to the attention of anyone, or to any officials, office or agency? If yes, please state when, to whom, and to where you brought these concerns, and what, if anything, was done about the issues complained of.

I am attempted to informally resolve this matter by contacting Robert Edwards the Chief Engineer of plant operations at RJDCF with no response. I then instituted an administrative grievance to address this matter. The afore-mentioned documentation is attached hereto. The administrative grievance is currently pending final level of review in Sacramento.

The above information must be accompanied with a true (original) signature of the complainant, dated and attested to pursuant to the penalty of perjury, as follows. Complaints submitted which are not signed or dated will not be considered whatsoever.

I, the undersigned say: I am the complainant in this matter. I declare under the penalty of perjury under the laws of the State of California that the foregoing allegations and statements are both true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Dated this ____12th____ day of ____June____, 2006 ____, at ____San Diego____, California

Date: _____

_Signature of Complainant_

18

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Jimmie Stephen | C56483 | Laundry | 13-113 up |

A. Describe Problem: On 11-23-04 Mrs E. Simon was told by unknown Lieutenant that close custody prisoners were not to be allowed in Law Library.. As this is a direct violation of title 15 Art. 3377.1-4-B. which directly reverses the actions of this unknown Lieutenant on 11-23-04..

If you need more space, attach one additional sheet. Bounds v Smith 430, US, 817 (1977)

B. Action Requested: "Name" of this Lieutenant.. As Mrs Simon is an Innocent party to this violation of State and possibly federal Law..

Inmate/Parolee Signature: _Jimmie Stephen_    Date Submitted: 11-29-04

C. INFORMAL LEVEL (Date Received: 12-2-04)

Staff Response: LT. SHELAR, THIRD WATCH WATCH COMMANDER INFORMED ME ABOUT THE RULE WHICH IS BEING ENFORCED CURRENTLY. ACCORDING TO THE LEUTENANT, CLOSE CUSTODY INMATES NO LONGER CAN COME TO THE LIBRARY BETWEEN 1700 AND 2000

Staff Signature: _Cul Lime_    Date Returned to Inmate: 12-2-04

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Satisfied

Signature: _Jim Stephen_    Date Submitted: 12-6-04

19

CDC Appeal Number: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim



"SUPERIOR COURT OF CALIFORNIA"

"DECLARATION"AFFADAVIT"                    8-8-05

I DO SWORE UNDER PENALTY OF PERJURY AND FRAUD THAT THE
STATEMENTS IN THIS DOCUMENT IS TRUE TO BEST OF KNOWLEDGE..I
AM HOUSED AT THE "DONOVAN STATE PRISON" AT:480 ALTA ROAD SAN
DIEGO CALIFORNIA..92179..AND THE "OVERCROWDING" HAS AFFECTED
MY TIME, BY "DENIAL"OF"PRIVILEGES; "RIGHTS" GUARANTEED BY THE
CONSTITUTION.."WEEKEND YARD""SHOWERS" ECT.."RECREATION"..AS
WELL AS "EXERCISE"..MAINLY "WEEKENDS" WHEN GUARDS DO NOT WANT
TO WORK,,SINCE 22-1-05 "ONGOING"..THE "RIGHT TO BE FED" IN
PROPER EATING FACILITY IS DENIED, DEPRIVED..OR ALLOWED THE
"15" MINUTES TO EAT AS REQUIRED BY LAW..THE "OVERCROWDING"
HAS CONTRIBUTED TO "MAIL DELAY""FEEDING DELAY"LAW LIBRARY;
DELAY"DELAY IN CLASSIFICATION"BE SEEN BY COUNSELOR" BUT WHEN
TIME TO GO TO"WORK IN "P.I.A." EVERYTHING IS ON TIME..AS WELL
AS "ADEQUATE MEDICAL""DENTAL".."ONGOING".. SINCE 11-7-04..AS
WELL AS OTHER "ONGOING INJURIES"..
TRUE AGAINST FRAUD OR PERJURY

| NAME | SIGNATURE | NUMBER | HOUSING |
|------|-----------|--------|---------|
| Jimmie Stephen | Jimmie Stephen | C56483 | 13-105 |
| Eugene S. Williams | E.S. Wi. | C-28060 | 3-13-210 |
| DONALD HILL | Donald Hill | D-34155 | 3-13-104 |
| Michael Hampton | Michael Hampton | P-20333 | 3-13-132 |
| James L. Thomas | James L. Thomas | K-97017 | F-3-13-130 |
| Toy Robert | Toy Robert | C-95215 | 13-101 |
| Keith Erwin | Keith Erwin | J-65474 | 3-13-13 |
| Wilson, Michael | Wilson, Michael | J-84156 | F-3-13-108a |
| Dole e Shiler | Dole e Shiler | D-52585 | F-3-13-105-6 |
| Frederick Conway | Frederick Conway | V-27375 | F3-B11-C46 |
| JERRY REIBER | JERRY REIBER JR | P-91779 | 3-13-220 |
| JONES, A. | JONES, A. | E-83779 | 3-13-120 |
| CLARK, G.D. | CLARK, G.D. | E55102 | FACIL-12-24Lower |
| Harold Quan | Harold Quan | BJ-7521 | A-13 u |
| Samuel Richardson | Samuel Richardson | P61288 | 12-247 |
| Westfield J. | Westfield J. | P60441 | A-e 3 |

20

# EXHIBIT # III

COPY of "Southern Courts of California"
"State" Proceedings, as "Federal Southern Courts"
are "Willfully Abusive" as shown well in
Exhibit # 1..

WHEREAS Policy, Custom, Practice is to willfully
Deny, Delete "Oppositions" of "Complaints" therefore
Ruling in favor of "Defendants"..

AS shown in GIC-879806, GIC-83-2907 & GIC-84-0064
as "Opposition" in GIC-879806 "Relocated" 2 Times to 9-18-07
and 10-15-07. Willfully..

AS Judges Rule "Unopposed" when all motions
"Opposed" by Plaintiff..

GIC-879806 Dismissed on 7-13-07..

21

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL

MINUTE ORDER

Date: 07/13/2007                                     Time: 10:30:00 AM          Dept: C-60
Judicial Officer Presiding: Judge Yuri Hofmann
Clerk: Sandra Seematter
Bailiff/Court Attendant: Tony Quidilla
ERM:
Reporter: Michael S. Gallivan
Case Init. Date: 02/02/2007
Case No: GIC879806                  Case Title: STEPHEN vs PITTMAN, SGT

Case Category: Civil - Unlimited        Case Type: PI/PD/WD - Other

Event Type: Motion Hearing (Civil)
Moving Party: JIMMIE STEPHEN
Causal Document & Date Filed: Demurrer, 05/15/2007

Appearances:

Deputy Attorney General Phillip J. Lindsay appears on behalf of Defendants.
Plaintiff, Jimmie Stephen, appears telephonically in pro par.

The Court hears oral argument and takes this matter under submission.

Later, the Court adopts its tentative ruling as follows:

Defendants' unopposed motion to have Plaintiff declared a vexatious litigant is GRANTED. Defendants' request for judicial notice is
GRANTED. The Court finds that Plaintiff's litigation history clearly fits within the criteria of a vexatious litigant pursuant to Code of Civil
Procedure §391.

Defendants' motion to have the Court order Plaintiff to furnish security is GRANTED. Defendants have established that there is no
reasonable probability that Plaintiff will prevail in his claims. See CodeCiv.Proc. §391.1 & §391.3. Plaintiff shall furnish security of
$10,000.00 (ten thousand) within 30 (thirty) days of the date this order is served on Plaintiff. Defendants shall file the proof of service of
the order with the court.

If the security is not furnished as ordered, the lawsuit shall be dismissed as to the moving Defendants in accordance with Code of Civil
Procedure §391.4. The litigation is stayed as to the moving Defendants until 10 (ten) days after the required security is furnished and
Defendants are given written notice thereof in accordance with Code of Civil Procedure §391.5.

Lastly, this Court find that there is a need for and is therefore entering a prefiling order which prohibits Plaintiff from filing any new
litigation in this Court in propria persona without first obtaining leave of the president judge, CodeCiv.Proc. §391.7(a).

Plaintiff's unopposed motion for appointment of counsel is DENIED. Plaintiff cites no authority for the appointment of counsel in a civil
action in California state court.

Yuri Hofmann

Judicial Officer Presiding: Judge Yuri Hofmann



### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN DIEGO

HALL OF JUSTICE
330 W. BROADWAY
P.O. BOX 120128
SAN DIEGO, CALIFORNIA 92112-0128

**CENTRAL
CIVIL
DIVISION**

**DEPT. 60**

May 24, 2007

**JIMMIE STEPHEN C56483
PO BOX 8101
SAN LUIS OBISPO, CA  93409-8101**

IN RE:      **GIC 879806
STEPHEN v. SGT. PITTMAN**

Pursuant to you letter filed 5/16/07, requesting copies of filed motions, please find enclosed copies of your Demurrer filed 5/16/07. This motion was not reserved in advance and due to the complexity will need to be re-calendared. **The new date is 9/18/07 at 10: 30 a.m.**

Along with your letter, you submitted a motion papers entitled, "Motion for Appointment of Attorney". This motion again was not reserved in advanced. The Court will keep it scheduled for 7/13/07 due to nature of the motion. A filed copy is enclosed.

Please file an amended notice, the original with the Court and a copy provided to defense counsel of the new hearing date for the Demurrer on 9/28/07 at 10:30 a.m.

Enclosed also is a filed copy of the amended complaint, filed 4/20/07 and the Certificate of Progress filed 5/23/07.

Sincerely,

Diane Howard
Calendar Clerk
Department 60

Encl.

23



JUDGE YURI HOFMANN
SAN DIEGO SUPERIOR COURT
330 W. BROADWAY
SAN DIEGO, CA 92101

## MEMORANDUM

Date: 8/10/07

To: Jimmie Stephen
    C56483 3-15-1370
    PO Box 799001
    San Diego, CA 92179

From: Grachelle Macedo, Calendar Clerk for Judge Hofmann

Re: GIC879806 Stephen vs Pittman, Sgt

Please be advised that your motion scheduled for 9/18/07 **will be continued to Monday, 10/15/07 at 9:00 am.**

If you have filed your moving papers please file and serve an amended notice with the information reflected above.

Thank you.

24

∂1

Return to Request Ruling

The following is a TENTATIVE ruling for 8/19/2005,
Department 64, the Honorable William R. Nevitt presiding.

Case Number GIC840064

STEPHEN v. HERNANDEZ ET AL.

Pursuant to Local Rule 2.19, the Court's tentative ruling is as follows:

**The unopposed demurrers by defendants Contreras, Hernandez, Cota, Munoz and Clarke to the second amended complaint ("SAC") filed by plaintiff on May 17, 2005, are sustained, without leave to amend, on the grounds the SAC fails to state facts sufficient to constitute a cause of action and is uncertain.**

On April 29, 2005, the Court sustained the demurrer to plaintiff's "Amended Complaint # 1" and granted plaintiff leave to file a second amended complaint alleging facts showing that the unexhausted remedies were not "available" for purposes of 42 U.S.C. § 1997e(a) and to "allege specific and nonconclusory facts showing the defendant's acts deprived him of a right, privilege or immunity secured by the federal Constitution or federal laws." The SAC does not cure the defects identified in the Court's April 29, 2005, ruling. In addition, the allegations of the SAC are unintelligible. Plaintiff has neither opposed the demurrers nor shown there is a reasonable possibility he can cure these defects by further amendment.

**Plaintiff's unopposed "Request For Court 'Order' For Defendant 'Clark' To Turn Over 'Copy' 'Original' Of 'Cassette' 'Recording' Of 10-25-04 .. Between Plaintiff 'Stephen' And 'Clark' (With In '30' Days From Request)" (filed 7/8/05) and "Motion To Transfer Prisoner To Court" (filed 7/8/05) are ordered off calendar.**

The "Proofs Of Service" attached to the "Request" and to the "Motion" do not comply with Code of Civil Procedure sections 1013a(1) and 2015.5.

The minutes constitute the order of the Court and no formal order is required except that the demurring defendants are directed to submit a proposed judgment of dismissal to the Court within 14 days of the date of this ruling, after giving plaintiff an opportunity to review it.

25

The demurring defendants' counsel are directed to serve notice of ruling in accordance with the provisions of Code of Civil Procedure section 1019.5(a).

---

*This ruling file posted to web server: 8/18/2005 1:53:12 PM*
*This ruling file retrieved by browser: 8/18/2005 1:57:29 PM*

26

~~RECOMMENDATION~~: Pursuant to Local Rule 2.19, the Court's tentative ruling is as follows:

**Plaintiff's unopposed "'Motion To Disqualify' 'Entire' Attorneys Generals 'Office'" is denied.**

Plaintiff has not cited adequate authority in support of his alleged grounds for disqualification.

**The unopposed demurrers by defendant Woodford to the second amended complaint ("SAC") filed by plaintiff on May 17, 2005, are sustained, without leave to amend, on the grounds the SAC fails to state facts sufficient to constitute a cause of action and is uncertain.**

On April 29, 2005, the Court sustained the demurrer to plaintiff's "Amended Complaint # 1" and granted plaintiff leave to file a second amended complaint alleging facts showing that the unexhausted remedies were not "available" for purposes of 42 U.S.C. § 1997e(a) and to "allege specific and nonconclusory facts showing the defendant's acts deprived him of a right, privilege or immunity secured by the federal Constitution or federal laws." The SAC does not cure the defects identified in the Court's April 29, 2005, ruling. In addition, the allegations of the SAC are unintelligible. Plaintiff has neither opposed the demurrers nor shown there is a reasonable possibility he can cure these defects by further amendment.

**Plaintiff's motion for summary judgment (filed 6/10/05, with "Supplemental" filed 7/8/05), "Motion To 'Respond To Grievances' '4' 'Within' '30 Days',", and "Motion to Proceed Remedies timebarred" are moot in light of the ruling on defendant Woodford's demurrers and the judgment of dismissal entered in favor of the remaining five defendants.**

The minutes constitute the order of the Court and no formal order is required except that defendant Woodford is directed to submit a proposed judgment of dismissal to the Court within 14 days of the date of this ruling, after giving plaintiff an opportunity to review it.

The above rulings, together with the judgment of dismissal entered on September 21, 2005, dispose of this entire case.

Defendant Woodford's counsel are directed to serve notice of ruling in accordance with the provisions of Code of Civil Procedure section 1019.5(a).

**IT IS SO ORDERED**

**Dated: 10/7/2005**

                                        Hon. WILLIAM R. NEVITT
                                        Judge of the Superior Court

                                                                26

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

CALENDAR NO.

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | COURT USE ONLY |
|---|---|---|---|---|---|
| GC832907 | 07-14-04 | 06/03/05 | 08:30AM | 65 | F I L E D |

JUDGE/COMMISSIONER
HON. JOAN M. LEWIS

CLERK
Regina Lindsay Cooper    CSR #7668

Clerk of the Superior Court
JUN 0 3 2005
By: SCOTT SEYLER, Deputy

REPORTER
JACQUELINE PLUMMER
P.O.BOX 120128, SAN DIEGO, CA 92112-0128

| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT |
|---|---|
| JIMMIE STEPHEN | WARDEN R HERNANDEZ |

| ATTORNEY FOR PLAINTIFF/PETITIONER | ATTORNEY FOR DEFENDANT/RESPONDENT |
|---|---|
| JIMMIE STEPHEN  via Tele.  ☐P ☐NP | MICHAEL P CAYABAN (1)  ☐P ☐NP |

1. DEFENDANT MTN FOR SUMMARY JUDGMENT (under Frank Ardilla (coordinator) @Donovan)

THIS MATTER HAVING COME BEFORE THE COURT THIS DATE, THE COURT ORDERS:

☐ PRIOR TO CALENDAR CALL   ☐ OFF-CALENDAR   ☐ GRANTED   ☐ BONDS _____
                                              ☐ DENIED   ☐ WITH/WITHOUT PREJUDICE
☐ PRIOR TO CALENDAR CALL   ☐ CONT. TO _____ IN DEPT_____ AT_____
☐ TRO   ☐ CONTINUED   ☐ VACATED
☐ ALL PREVIOUS ORDERS REMAIN IN FULL FORCE AND EFFECT.
☐ ORAL ARGUMENT   TENTATIVE DATED  6-3-05   ☒ CONFIRMED   ☐ MODIFIED
☒ DISPOSES OF ENTIRE ACTION   ☐ DOES NOT DISPOSE OF ENTIRE ACTION
☐ PREVAILING PARTY TO PREPARE AND FILE FORMAL ORDER PURSUANT TO CRC 391.
☐ OTHER

Defendants' request for judicial notice of Title 15, California Code of Regulations, section 3190 (2003) is granted.

Defendants Robert J. Hernandez, Elias Contreras, Michael Liptscher, Doris M. Barnes and Efren Vizcarra's motion for summary judgment is granted for the following reasons.

First, exercising its discretion, the Court grants the motion because Plaintiff failed to file any opposition, including an opposing separate statement. See CCP Sec. 437c(a)(3).

Second, Defendants have met their burden of establishing that Plaintiff's complaint in this case concerns discretionary acts by the Defendants and that, as public employees, they are immune from liability pursuant to Gov. Code Sec. 820.2. [See evidence cited in support of Defendants' Separate Statement Issue No. 1, Nos. 1-6].

Third, Defendants have met their burden of establishing that the fraud cause of action lacks merit. [See evidence cited in support of Defendants' Separate Statement Issue No. 2, Nos. 1-8]. The Court notes Plaintiff has failed to submit any evidence to demonstrate that an intentional misrepresentation was made or that he justifiably relied on any misrepresentations.

As to Defendants Barnes and Contreras, the evidence cited in support of Defendants' Separate Statement Issue No. 3, Nos. 1 through 3 is sufficient to meet their burden that they were neither involved in the acts complained of in Plaintiff's complaint nor otherwise liable in this matter.

Finally, the Court finds Plaintiff has failed to articulate a statutory basis for his claims

27

Date  06/03/05

JUDGE/COMMISSIONER OF THE SUPERIOR COURT

against these Defendants.

On May 17, 2005, this Court received Plaintiff's "Undisputed Facts Motion for Summary Judgment" and "Amended Motion for Summary Judgment." Because neither matter was appropriately calendared with this Court or timely noticed, the Court declines to consider these papers as affirmative motions. To the extent, these filings were intended to serve as opposition to Defendants' motion for summary judgment, the Court concludes Plaintiff has failed to meet his burden and has failed to create any triable issue of fact. Similarly, the Court declines to consider Plaintiff's motion to "amend damages" because it was neither calendared with the court nor timely served.

For all of the above reasons, the Defendants' motion for summary judgment is granted. This ruling disposes of the entire action.

*Mr. Cayabon to fax copy of this ruling to Mr. Stephen—*

_____
Hon. JOAN M. LEWIS
Judge of the Superior Court

28